E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorney
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:  (213) 894-7962
        Facsimile:  (213) 894-6269
        E-mail:    jason.gorn@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SEARCH WARRANT<br><br>Public Storage Unit 2036 located at 19102 E Walnut Drive N, Rowland Heights, California 91748 ("SUBJECT LOCATION") | No. 24-MJ-00357<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER POSTPONING SERVICE OF WARRANT AND REQUEST FOR SEALING; DECLARATION OF MICHELLE STORMS<br><br>**(UNDER SEAL)** |

        The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies ex parte for an order pursuant to Federal Rule of Criminal Procedure 41(f)(3) and 18 U.S.C. § 3103a(c) delaying the service of the search warrant previously ordered in the above-captioned case.  This application also seeks leave to file this application and proposed order under seal.

        This application is based on the files and records in the above-captioned case, as well as the attached Declaration of MICHELLE STORMS.

As stated in the declaration of Task Force Officer Michelle Storms, on January 23, 2024, this Court, upon a showing of probable cause by the government, issued a search warrant for Public Storage Unit 2036 located at 19102 E Walnut Drive N, Rowland Heights, California 91748 (the "SUBJECT LOCATION").

With respect to the showing necessary to justify a delay, 18 U.S.C. § 3103a(b) states that notice may be delayed if, <u>inter alia</u>, the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result. An adverse result is defined in 18 U.S.C. § 2705 as including the endangerment of the physical safety of a person; flight from prosecution; destruction or tampering with evidence; intimidation of potential witnesses; and serious jeopardy of an investigation. Moreover, the Advisory Committee Notes for Fed. R. Crim. P. 41(f)(3) state that delay of notice may be appropriate where "the officer establishes that the investigation is ongoing and that disclosure of the warrant will compromise that investigation." Finally, Section 3103a(c) provides that:

> Any period of delay authorized by this section may be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay and that each additional delay should be limited to periods of 90 days or less, unless the facts of the case justify a longer period of delay.

In this case, the original order permitted a delay of notification for 30 days, that is until February 22, 2024. Pursuant to that original order, the search warrant was executed on January 25, 2024. Since the original order, there has been one additional order further delaying notice for a period of 90 days, until May 22, 2024.

As stated in the declaration of Task Force Officer MICHELLE STORMS, the immediate service of the warrant will seriously jeopardize the ongoing, complex, multi-jurisdictional ATM skimming investigation, and may cause co-conspirators to flee, the intimidation of potential witnesses, or result in the destruction of or tampering with evidence beyond the scope of the warrant. Further, the affidavit in support of the search warrant describes investigative techniques that may jeopardize ongoing investigations if the affidavit were to be disclosed, such as surreptitious entry into SUBJECT LOCATION and GPS tracking of cellular devices. Accordingly, for good cause shown, the government seeks the delay of the service of the warrant for a further period of 90 days.

Dated: May 22, 2024                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
JASON A. GORN
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

## DECLARATION OF MICHELLE STORMS

I, Michelle Storms, do hereby declare and affirm:

1.    I am a Deputy Sheriff for the San Diego County Sheriff's Department. I have been a Deputy Sheriff since January 2011. I am currently assigned to the San Diego Federal Bureau of Investigation (FBI) field office, Organized Crime Squad (OC-1) and have been so since February 2022. I was cross sworn with the FBI on November 28, 2022.  As a member of this squad, I investigate complex, criminal-enterprise activity, such as money-laundering, racketeering, and more. Based on this training and experience, I am familiar with the manner in which such crimes are perpetrated; and techniques, methods, or practices commonly used by these criminal enterprises.

2.    I was previously assigned to the San Diego Human Trafficking Task Force and previously cross sworn with the United States Marshall's Service. I have received training and gained experience in interviewing and interrogation techniques, surveillance techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer evidence seizure and processing, and various other criminal laws and procedures.

3.    Through training, interviews, and collaboration with several local, state, and federal agencies, I am familiar with the actions, traits, and habits utilized by subjects involved in skimming activities. I have also participated in hundreds of hours of surveillances associated with skimming activities. Based on my training and experience, I am aware that subjects involved in skimming activities generally keep and maintain skimming equipment and materials in their possession. Experience in similar cases has

established that such equipment and materials are regularly concealed in a suspect's residence, automobile, office, storage units, concealed compartments, on their person, or other locations that are considered safe. Such equipment and materials commonly concealed take various forms and include, but are not limited to, hidden skimming devices inside music speaker boxes and karaoke machines, pinhole cameras wrapped in clothing items or plastic bags, stacks of ATM Cards hidden in cardboard boxes and bags, notes in code, deposit slips, wired money transactions, savings pass books, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, or train tickets) both commercial and private, money orders and other papers or documents which contain evidence relating to skimming activities.

4.    This declaration is made in support of an application for an order pursuant to Federal Rule of Criminal Procedure 41(f)(2)(C) and (f)(3), as well as 18 U.S.C. § 3103a(c), delaying the service of the search warrant obtained in this case.  The facts set forth in this declaration are based upon my own personal observations, my training and experience, and information obtained during this investigation from other sources.  This declaration is intended to show that there is good cause to delay service of the previously obtained warrant and does not purport to set forth all of my knowledge of, or investigation into, this matter.

5.    On January 23, 2024, Special Agent Saif Albazzaz obtained from the Honorable Alka Sagar, United States Magistrate Judge, a federal warrant authorizing the search of Public Storage Unit 2036

2

located at 19102 E Walnut Drive N, Rowland Heights, California 91748, (the "SUBJECT LOCATION").  On January 25, 2024, the search warrant was executed on the SUBJECT LOCATION.  The search warrant further authorized a delayed notice period of 30 days, that is until February 22, 2024.  On February 21, 2024, the Court entered an order authorizing a further delayed notice period of 90 days, that is until, May 22, 2024.

6.   Based on my training and experience, I believe that good cause exists to delay the service of the warrant as normally required for an additional period of 90 days because over the past year, and as part of an ongoing investigation, the FBI has been investigating the lessees of the SUBJECT LOCATION and others known and unknown, in connection with possible violations of federal law, including 18 U.S.C. §§ 1956, 1957 (money laundering); 18 U.S.C. § 1029 (access device fraud); 18 U.S.C. §§ 1344, 1349 (bank fraud and conspiracy); 18 U.S.C. § 1028A (aggravated identity theft); 18 U.S.C. § 1343 (wire fraud); and 18 U.S.C. § 371 (conspiracy) (the "SUBJECT OFFENSES")

7.   The lessees of the SUBJECT LOCATION continue to conduct skimming activities and were observed engaging in skimming activity as recently as April 2024, after the search of the SUBJECT LOCATION.

8.   Disclosure of the warrant to the lessees of the SUBJECT LOCATION could seriously jeopardize the ongoing, complex, multi-jurisdictional ATM skimming investigation, and may cause co-conspirators to flee, the intimidation of potential witnesses, or result in the destruction of or tampering with evidence beyond the scope of the warrant. Further, the affidavit in support of the search warrant describes investigative techniques that may jeopardize

ongoing investigations if the affidavit were to be disclosed, such as surreptitious entry into SUBJECT LOCATION and GPS tracking of cellular phones.

9.   For the foregoing reasons, I request that the service of the warrant be delayed for a further period of 90 days.  In addition, because of the ongoing nature of this investigation, I request that both this application and the proposed order be filed under seal.

I declare and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed on May 22, 2024, at San Diego, California.

                              /s/
                              _____
                              MICHELLE STORMS
                              SAN DIEGO COUNTY SHERIFF'S
                              DEPARTMENT

4